UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MRDUCS LLC | ) | CASE NO. 11-34502 |
| | ) | CHAPTER 11 |
| Debtor | ) | |
| _____ | ) | |

**MEMORANDUM ON APPLICATION TO AUTHORIZE DEBTOR IN POSSESSION
TO RETAIN AND EMPLOY ATTORNEYS *NUNC PRO TUNC***

This matter comes before the Court on the Application to Authorize Debtor in Possession to Retain and Employ Attorneys *Nunc Pro Tunc* (the "Application") filed by Debtor MRDUCS LLC (the "Debtor"). In the Application, the Debtor sought to employ the law firm of Seiller Waterman LLC ("SW") as attorneys for Debtor, *nunc pro tunc* back to September 19, 2011. The Office of the United States Trustee ("UST") filed a limited objection to the Application. While the UST had no opposition to the *nunc pro tunc* employment of SW, the UST did oppose some of the terms of the retention agreement between the Debtor and SW. The Court conducted a hearing on the Application on November 8, 2011, at which time the Court approved the *nunc pro tunc* retention of SW. With regard to the terms of the retention agreement, the Court allowed the Debtor and the UST additional time to supplement the record, after which it would take the terms of the retention agreement under submission. Both the Debtor and the UST timely filed supplemental pleadings and on January 10, 2012, the Court took this matter under submission. The Court has now considered the Application, the UST's Objection, the supplemental pleadings, and the comments of counsel at the hearing. For the following reasons, the Court will approve the terms of the retention agreement as proposed by the Debtor and SW.

1

**Procedural Background Facts**

On September 19, 2011, David Cantor, a partner of SW, filed a Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code on behalf of the Debtor. Debtor has operated as a Debtor–in–Possession under 11 U.S.C. §§ 1107(a) and 1108 since that time. On October 3, 2011, Debtor filed its Application to employ SW as its attorneys pursuant to 11 U.S.C. §§ 327 and 1107 of the United States Bankruptcy Code. The Application indicated that the Debtor had paid SW a $6,500.00 retainer for its services to be rendered as counsel on behalf of the Debtor in this case. The Application also states, "[i]n anticipation that the aforementioned retainer will not be sufficient to pay for all services performed and expenses incurred, client has agreed to deposit an additional one thousand dollars ($1,000.00) into counsel's escrow account each month while counsel serves as bankruptcy counsel to client. Each said escrow deposit is due on the 5th of each calendar month. All fees will be paid upon approval by the Bankruptcy Court, if necessary."

The UST filed its Objection on October 17, 2011 on the basis that the $1,000.00 to be escrowed monthly represents an "evergreen" retainer and that SW had not demonstrated that the circumstances of this case warranted approving this fee arrangement. Moreover, the UST argued that "[l]ocking substantial funds into escrow for the benefit of counsel deprives the debtor of much needed flexibility in meeting its needs, particularly unanticipated costs which arise in Chapter 11 cases with distressing frequency."

At the hearing on the Application, SW argued that it did not take a large retainer in this case as the Debtor was not in a position to pay a large retainer. Furthermore, the small retainer paid is unacceptably small considering the size and complexity of this case. Counsel for SW argued that it would be less of a burden for the Debtor to escrow the $1,000.00 a month rather than have a large

attorney fee invoice three or four months down the road. Finally, Counsel for SW also assured the Court that no monies deposited into the escrow account would be paid without Court approval.

The UST responded by citing the USHC case, an opinion written by another bankruptcy judge in the Western District of Kentucky. In re USHC, LLC, 456 B.R. 304 (Bankr. W.D. Ky. 2011). According to the UST, this case is the "definitive" case on the issue of "evergreen" retainers. Since an "evergreen" retainer was not allowed in the USHC case, a case much larger than the one currently before the Court, it should not be allowed in this case. While SW argued that USHC was limited to its particular facts, the UST countered that USHC is the "law of the land," and the "law of the Western District." Finally, when asked by the Court why the policy against "evergreen" retainers should be limited to big cases, the UST responded that a Sixth Circuit case, and a case relied upon in USHC, imposed that rule.[1]

Finally, National Loan Investors, the primary secured creditor in this case, informed the Court that it had no objection to the terms of the retention agreement.

## Legal Analysis

Pursuant to 11 U.S.C. § 328(a), professionals, including attorneys, may be employed by the Debtor, with the Court's approval, "on any reasonable terms and conditions of employment, including on a retainer ...". 11 U.S.C. § 328(a).

Turning to the issue in this case, whether the proposed $1,000.00 monthly escrow amount should be approved, the Court will start with a few observations. First, there is no "law of the land" or "law of the Western District" with respect to this issue. To this Court's knowledge, there is no

---

[1] Upon review of the USHC case the Court believes the UST may have been referring to In re Knudsen, 84 B.R. 668 (9th Cir. BAP 1988), but that is a Ninth Circuit BAP case rather than a Sixth Circuit case.

3

Supreme Court case or Sixth Circuit case on this issue that this Court must follow.  USHC and the Knudsen case are both persuasive authority and not controlling authority on this Court.

Second, from a definitional standpoint, this Court does not believe this fee arrangement constitutes an "evergreen" retainer.  An "evergreen" retainer implies that a retainer is paid, and, notwithstanding any drawdowns on that retainer, it remains at a constant, static amount.  In re Fitzsimmons Trucking, Inc., 124 B.R. 556 (Bankr. D. Minn. 1991) (court did not approve evergreen retainer where counsel would hold original retainer in escrow until confirmation of a plan or conversion/dismissal of this case, while calling on debtor's current revenues to satisfy interim fee allowances).  The fee arrangement proposed in this case is not constant or static.  Rather, the Debtor has paid a small retainer and has agreed to escrow an additional $1,000.00 a month to SW's escrow account to pay for the anticipated higher attorney fees and costs in the future.  This is not an "evergreen" retainer.  A more accurate characterization of this fee agreement would be an installment payment arrangement, which would still be subject to Court approval.

With respect to the USHC case, the holding of that case was limited to its particular facts.  Moreover, the Court believes USHC is easily distinguished from the facts in this case.  In USHC, Debtor's counsel received a $30,000.00 retainer for its services prior to the filing of the case.  In this case, the retainer is much smaller, only $6,000.00.  Additionally, the amount to be escrowed in the USHC case ($2,000.00) was twice the amount called for in this case ($1,000.00).

USHC relied in a large part upon the holding in In re Knudsen Corp., 84 B.R. 668 (9th Cir. BAP 1988).  Knudsen, like USHC, is also easily distinguished from the case at bar.  In Knudsen, debtor's counsel sought to be paid each month without prior court approval.  In approving that procedure, the 9th Circuit Bankruptcy Appellate Panel believed sufficient safeguards existed in the arrangement to

4

justify a departure from normal procedures. Knudsen did not set forth guidelines for escrowing postpetition payments to retainers as the UST suggests, but instead set up guidelines for payments to professionals without court review. While those guidelines may be helpful in a situation where a professional is seeking to avoid court review, this Court does not believe those factors are applicable to the situation in this case. In this case, SW is not requesting to be paid without prior court approval. Indeed, the normal amount of court scrutiny will be in place for any fee application filed by SW. Instead, SW is seeking approval of a procedure whereby the Debtor makes small monthly payments to the escrow account in anticipation of a larger attorney bill in the future. In light of the relatively small retainer paid pre-petition and the anticipated large attorney fee, this Court believes this approach not only appropriate and reasonable, but also very practicable.

The Court will also take a moment to address In re Shelly's, 91 B.R. 803 (Bankr. S.D. Ohio 1986), a case also cited in USHC. In Shelly's, Judge Rhodes used the analysis employed in Knudsen in rejecting a proposed fee arrangement under which debtor's counsel requested that it be authorized to receive 75% of its post-petition monthly billings directly from the debtor each month after the retainer was consumed. Like Knudsen, Shelly's involved a situation wherein the professional was seeking to avoid Court scrutiny prior to the payment of fees. Simply speaking, that is not the situation presented to this Court. This Court fully expects SW to conform to the rules regarding fee applications prior to any drawdowns from the escrow account.

The UST also argues that the procedure proposed here will somehow create a "rare exception to the Code's compensation procedure." The Court does not accept this premise. The compensation procedure is not being affected in this proposed fee arrangement. SW will still have to file a fee application, the fee application will still be noticed for objection, the Court will still review the fee

application, and the Court will have to give final approval of any fees to be paid to SW. This is what is required under the Bankruptcy Code, and the proposed procedure in no way changes these requirements.

The last point that the Court will address is the UST's argument that the payment of this $1,000.00 a month will "drain money" away from the estate that could otherwise be used to pay for other expenses. To a certain extent, this is correct. Any use of funds, however, drains money away from a bankruptcy estate that could be used to pay other expenses. As the Court pointed out above, National Loan Investors, the secured creditor whose funds are actually at stake, has no opposition to this fee arrangement. It is this creditor who has the most to lose as it is this creditor's cash collateral that is being spent by the Debtor. In this case, with the relatively small monthly amount to be paid into the escrow account, and especially without an objection from the major secured creditor, the Court does not believe this proposed fee arrangement harmful or otherwise not in the best interest of the bankruptcy estate.

## Conclusion

To conclude, the Court is not saying that it will approve this fee arrangement in all Chapter 11 cases. In this case, however, with a small pre-petition retainer, and an absence of objection from the secured creditors, the Court will approve the terms of this retention agreement. For all of the above reasons, the Court will enter an Order approving the terms of the retention agreement.

Alan C. Stout
United States Bankruptcy Judge
Dated: January 19, 2012

6

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MRDUCS LLC | ) | CASE NO. 11-34502 |
| | ) | CHAPTER 11 |
| Debtor | ) | |
| | ) | |

**ORDER**

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference, the Application to Authorize Debtor in Possession to Retain and Employ Attorneys *Nunc Pro Tunc* is **APPROVED**. The Debtor is authorized to employ Seiller Waterman LLC in accordance with the terms of its Application.

Alan C. Stout
United States Bankruptcy Judge

Dated: January 19, 2012